```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ELLVA SLAUGHTER,                   :
                                   :
                  Movant,          :
                                   :
    -against-                      :
                                   :
UNITED STATES OF AMERICA,          :
                                   :
                  Respondent.      :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 24, 2011

**TRANSFER ORDER**

11 Civ. 7295 (JFK)
03 Cr. 455 (JFK)

**JOHN F. KEENAN, United States District Judge:**

Ellva Slaughter ("Movant"), currently incarcerated at U.S.P. Victorville in Adelanto, California, brings this "Motion Under Rule 60(b)(4), F.R. Civ. P., A 'True' Claim for Relief, Not A Second or Successive Motion, For Post Conviction Relief, and Evidentiary Hearing," challenging his conviction and sentence entered in United States v. Slaughter, No. 03 Cr. 455 (JFK) (S.D.N.Y. May 3, 2006). For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

Movant brings this application challenging the legality of his conviction and sentence. This is Movant's second attempt to challenge his conviction and sentence by filing a § 2255 motion. See Slaughter v. United States, No. 08 Civ. 404 (JFK) (S.D.N.Y. Oct. 1, 2008), appeal denied, No. 09-2294-pr (2d Cir. Dec. 17, 2009). Movant's first application was adjudicated on the merits. See Slaughter v. United States, Nos. 08 Civ. 404 (JFK),

03 Cr. 455 (JFK), 2008 WL 4449476 (S.D.N.Y. Oct. 1, 2008).  The instant application, though captioned as a motion for relief from judgment entered in the prior § 2255 proceeding, seeks invalidation of Movant's conviction primarily on the grounds that this Court lacked subject matter jurisdiction over Movant's criminal case, and that Movant's counsel failed to move for dismissal of the Indictment for lack of subject matter jurisdiction.  Movant does not argue that this Court lacked subject matter jurisdiction over his first § 2255 motion.

An application is second or successive when a prior motion was "decided on the merits." Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998).  The proper jurisdictional basis for the relief Movant seeks is not Rule 60(b)(4) of the Federal Rules of Civil Procedure, but 28 U.S.C. § 2255.  Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001).  Because Movant has already filed a § 2255 motion that was adjudicated on the merits, the Court is not required to provide Movant an opportunity to withdraw this application before it is re-characterized as a § 2255 Motion. See id. at 148.

Before a second or successive § 2255 motion is filed in the district court, authorization from the appropriate Court of Appeals is required. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C.

-2-

§ 2255(h). Movant, therefore, must move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[1]

## CONCLUSION

In the interest of justice, the Court transfers this application, construed as a motion under § 2255, to the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 1631; see also Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam). The Court waives the provision of Rule 83.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York that requires a seven-day delay before the Clerk of Court may effectuate the transfer of the case to the transferee court. This Order closes this action. If the Second Circuit authorizes Movant to proceed in this matter, he shall move to reopen this case under this civil docket number.

As the Motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good

---

[1] Movant must demonstrate that a motion to the Circuit is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. See 28 U.S.C. § 2255(h).

faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York
         October 21, 2011

                                        /s/ John F. Keenan
                                        _____
                                        JOHN F. KEENAN
                                        United States District Judge